| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Stephanie Baxter as parent and natural guardian of her minor child, Jevontay K.D. Johnson,

          Plaintiff,

vs.

City of Minneapolis, a Minnesota municipal entity, Officer Jason Andersen, badge #0107, personally, individually, and in his capacity as a Minneapolis Police Officer, Officers Jane Doe and Richard Roe, unknown and unnamed Minneapolis Police officers, personally, individually, and in their capacities as Minneapolis Police officers; and Tim Dolan, Minneapolis Chief of Police, personally and in his official capacity; the City of Crystal, a Minnesota municipal entity, Officers Jason Tourville, Jason Nolan, and Sgt. Todd Gustafson, personally, individually, and in their capacity as Crystal Police Officers,

          Defendants.

Court File No.

## MINNEAPOLIS DEFENDANTS' JOINT AND INDIVIDUAL ANSWER TO COMPLAINT

      COME NOW Defendants City of Minneapolis, Officer Andersen, Chief Dolan, and Officers Jane Doe and Richard Roe for their Joint and Individual Answer to Plaintiff's Complaint, state and allege as follows:

1. Unless hereafter admitted, qualified or otherwise answered, these answering Defendants deny each and every thing, matter and particular alleged in Plaintiff's Complaint or otherwise.

2. These answering Defendants admit generally the City of Minneapolis is responsible for the actions of its employees and these officers pursuant to Minn. Stat. § 466.07.

3. These answering Defendants specifically deny Plaintiffs have stated a cognizable claim for relief under 42 U.S.C. §§ 1983, 1985, 1986 or 1988 and further deny Jevontay Johnson sustained any deprivation of rights under the Fourth Amendment or other constitutional injuries as alleged in Plaintiff's Complaint and deny Stephanie Baxter is a proper plaintiff for any cause of action herein.

4. These answering Defendants specifically deny their actions placed Jevontay Johnson in immediate fear of imminent threat of physical or bodily harm and deny their actions were intended to cause Jevontay Johnson to fear immediate harm, injury or death as alleged in paragraphs 21 through 30 of Plaintiff's Complaint.

5. These answering Defendants specifically deny their actions constituted an unauthorized touching or use of unreasonable, unjustified or excessive force in violation of Minnesota Statutes as alleged in paragraphs 26 through 30 of Plaintiff's Complaint.

6. These answering Defendants specifically deny illegally or falsely seizing Plaintiff without probable cause as alleged in paragraphs 31 through 37 of Plaintiff's Complaint.

7. These answering Defendants specifically deny their actions were malicious, unjustified, unreasonable or so outrageous as to be not endurable in a civilized society as alleged in paragraphs 38 through 41 of Plaintiff's Complaint.

8. These answering Defendants specifically deny their actions negligently or maliciously placed Jevontay Johnson in a zone of danger and specifically deny he faced danger of further harm as alleged in paragraphs 42 through 46 of Plaintiff's Complaint.

9. These answering Defendants specifically deny their actions were committed with malice and/or racial animus for Jevontay Johnson as alleged in paragraph 44 of Plaintiff's Complaint.

10. These answering Defendants specifically deny their actions violated Jevontay Johnson's right to be free from unreasonable seizures, his right to be free from excessive force or his right to due process of law and specifically deny violating his rights set forth in the Fourth, Fifth and Fourteenth Amendments to the constitution as alleged in paragraphs 47 through 52 of Plaintiff's Complaint.

11. These answering Defendants specifically deny their actions violated clearly or well established rights of Jevontay Johnson and further deny their actions were inherently shocking to the conscience as alleged in paragraph 50 of Plaintiff's Complaint.

12. These answering Defendants specifically deny conspiring to violate Jevontay Johnson's constitutional rights, deny failing to protect Jevontay Johnson's constitutional rights, deny failing to prevent any conspiracy from occurring, and deny acting in furtherance of any conspiracy as alleged in paragraphs 53 through 57 and 64 through 67 of Plaintiff's Complaint.

13. These answering Defendants specifically deny Plaintiff has set forth a proper *Monell* claim against Chief Dolan and the City of Minneapolis and further deny the City of Minneapolis had a policy or custom that violated rights, privileges or immunities guaranteed by the U.S. Constitution as alleged in paragraphs 58 through 63 of Plaintiff's Complaint.

14. These answering Defendants specifically deny their actions constituted hostile or differential discriminatory treatment of Jevontay Johnson in violation of the MHRA under Minnesota Statutes Chapter 363A and specifically deny their actions aided or abetted discriminatory conduct as alleged in paragraphs 68 through 71 of Plaintiff's Complaint.

15. These answering Defendants further specifically deny their actions constituted unlawful behaviors and deny they failed to adequately hire, supervise, investigate, discipline, terminate or train employees regarding excessive force, lethal force, encountering individuals who are African-American, or by failing to take reasonable steps to prevent employees from engaging in excessive force or by engaging in the use of excessive force as further alleged in paragraph 70 of Plaintiff's Complaint.

16. These answering Defendants are without facts sufficient to form a belief as to the truth of Plaintiff's alleged damages claim and, therefore, deny the same and demand strict proof thereof.

17. These answering Defendants support Plaintiff's demand for a jury trial as set forth in Plaintiff's Complaint.

18. These answering Defendants affirmatively allege at all times material hereto, these answering officers were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

19. These answering Defendants affirmatively allege at all times material hereto Officer Andersen was acting in his official capacity as a police officer for the City of Minneapolis as either an employee of the City of Minneapolis or operating under a Joint Powers Agreement for the Metro Gang Strike Force and was performing discretionary acts in the scope

of his duties with a good faith belief his conduct was lawful, constitutional, proper and pursuant to probable cause.

20. These answering Defendants affirmatively allege Plaintiff's actions against them are official capacity actions only.

21. These answering Defendants affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory and official immunity.

22. These answering Defendants affirmatively allege Plaintiff's claims are barred by the public duty doctrine.

23. These answering Defendants affirmatively allege Plaintiff's Complaint fails to state a cause of action or claims upon which relief can be granted and are barred by the applicable statute of limitations.

24. These answering Defendants affirmatively allege the reasonableness of a particular use of force must be judged from the officer's perspective, not plaintiff's or plaintiff's witnesses' perspective, or based on 20/20 hindsight.

25. These answering Defendants allege any injuries or damages sustained by Plaintiff were caused by, due to and the result of the careless and negligent conduct on the part of Plaintiff and that Plaintiff's fault was greater than any fault of Defendants.

**WHEREFORE,** Defendants City of Minneapolis, Officer Andersen, Chief Dolan, and Officers Jane Doe and Richard Roe pray Plaintiffs takes nothing by their pretended claims for relief and their claims be dismissed with costs and disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

|  |  |
|---|---|
|  | IVERSON REUVERS |
| Dated: September 17, 2010 | By__s/Jon K Iverson_____<br>Jon K. Iverson, #146389<br>Stephanie A. Angolkar, #388336<br>Attorneys for Defendants City of Minneapolis, Officer Andersen and Chief Dolan<br>9321 Ensign Avenue South<br>Bloomington, MN  55438<br>(952) 548-7200 |

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to M.S. § 549.211.

By__s/Jon K Iverson_____
Jon K. Iverson, #146389
Stephanie A. Angolkar, #388336